### TIFFANY v. UNITED STATES.

(Circuit Court, S. D. New York. May 23, 1904.)

No. 3,272.

1. CUSTOMS DUTIES—CLASSIFICATION—SILVER HAND BAGS—JEWELRY.

Women's silver hand bags or purses, used for holding money, articles of wearing apparel, etc., are not within the provision in Tariff Act July 24, 1897, c. 11, § 1, Schedule N, par. 434, 30 Stat. 192 [U. S. Comp. St. 1901, p. 1676], for "articles commonly known as jewelry," but are dutiable as articles of silver under paragraph 193 of said act, Schedule C, 30 Stat. 167 [U. S. Comp. St. 1901, p. 1645].

Appeal by the Importers from a Decision of the Board of United States General Appraisers.

On application for review of a decision of the Board of General Appraisers. The merchandise consisted of so-called "aumoniers," imported by C. L. Tiffany at the port of New York, and classified under the provision in Tariff Act July 24, 1897, c. 11, § 1, Schedule N, par. 434, 30 Stat. 192 [U. S. Comp. St. 1901, p. 1676], for "articles commonly known as jewelry." These articles were composed of silver wire, partly oxidized, with a clasp, ring, and chains of the same material, and were intended to be used as hand bags or purses for holding money, articles of wearing apparel, etc. On the authority of a former decision (G. A. 4,829, T. D. 22,688), the board affirmed the collector's assessment of duty.

William B. Coughtry, for importer.
Charles Duane Baker, Asst. U. S. Atty.

TOWNSEND, Circuit Judge. The merchandise in question comprises hand bags or purses carried by women on the arm, in the hand,

or suspended from the belt, and used for holding money, articles of wearing apparel, tickets, and similar articles. They were assessed for duty under the provisions of paragraph 434 of the act of 1897 as "articles commonly known as jewelry." The importer protested, claiming that they were dutiable under the provisions of paragraph 193 of said act as "articles composed of silver." The uncontradicted testimony of witnesses from various branches of trade, including dealers in jewelry, fancy goods, silverware, and of salesmen in the department stores, shows that these articles are not commonly known as jewelry, and are not manufactured in jewelry factories, or sold as articles of jewelry.

The decision of the Board of General Appraisers is reversed.